CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
6/5/2020
JULIA C. DUDLEY, CLERK
BY: S. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE

TYRONE YOUNG, )
)
  Petitioner, )
)   Crim. Action No.:
  Vs. )
)   4:18-CR-00017-JLK-1
UNITED STATES OF AMERICA, )
)
  Respondent. )
)

MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. §2255
AND
MOTION FOR AN EVIDENTIARY HEARING
PURSUANT TO 28 U.S.C. §2255

    COMES NOW, the defendant, petitioner, Tyrone Young, Pro-Se., referred hereafter to as ("Petitioner"), respectfully moves this Honorable Court to Vacate, Set Aside, or Correct his Sentence, Pursuant to 28 U.S.C. §2255, and hold an Evidentiary Hearing Pursuant to 28 U.S.C. §2255 (b), to determine necessary issue of fact and develop the merits detailed herein.

    And in support thereof, the Petitioner provides as follows:

FACTUAL AND PROCEDURAL BACKGROUND

    June 06, 2018, a "Sealed Complaint" was filed in this court. ECF No.: <u>1</u>.

    June 07, 2018, the "Initial Appearance" colloquy was held before Judge R. S. Ballou. ECF No.: <u>7</u>.

    July 03, 2018, the government filed the official "Indictment,"

---

    1.   Reference to supporting material herein, will be cited as follows:
"Ex__" refers to Exhibit, followed by a corresponding alphanumeric character. "ECF__" refers to the docket of entries made by the district court, followed by the corresponding entry number.

charging the Petitioner with (14) counts, giving rise to the above captioned crim. action number, for violating, 18 U.S.C. §1343, Fraud By Wire, Radio, or Television, (Counts-1-5); 18 U.S.C. §1028A, Fraud With Identification Documents, (Counts 6-8); 20 U.S.C. §1097A, Embezzlement, Stealing, Fraud, False Statements, Forgery, (Counts 9-14).

July 13, 2018, the "Arraignment" colloquy was held before this court, for all (14) counts, as to the defendant (1), Tyrone Young.

November 01, 2018, the "Guilty Plea Hearing" was held before this court, the Petitioner entered into a Plea Agreement with the government to plead to Counts 1, 8, & 11, of the "Indictment." ECF No.: 52, 53, & 54.

November 01, 2018, in addition, or "Contingent" upon the guilty plea hearing, the government agreed to release the Petitioner on bond until sentencing, which was set for 01/10/2019. ECF No.: 46.

November 29, 2018, the Petitioner's bond was revoked, and sentencing was rescheduled for 03/05/2019. ECF No.: 58.

March 05, 2019, the "Sentencing" colloquy was held, as to Counts 1, 8, & 11, (87 months on Count-1, to be served concurrently with 60 months for count-11, and both to be served consecutively with 24 months for Count-8), a total term of (111) months imprisonment. All remaining counts were dismissed upon motion of the government, followed by (3) years supervised release. ECF No.: 68.

November 18, 2019, the Petitioner filed a Pro-Se "Notice of Appeal" with the fourth circuit court of appeals. ECF No.: 75.

November 20, 2019, the United States Court of Appeals for the fourth circuit, appointed appellate counsel to for the Petitioner's direct appeal. ECF No.: <u>78</u>.

February 14, 2020, appellate counsel filed the Petitioner's Opening Brief of the direct appeal in the fourth circuit court of appeals.

Therefore, this 28 U.S.C. §2255 motion is filed timely.

## SUMMARY OF ARGUMENT

1) The Petitioner's trial counsel was ineffective for failing to object to the district court's failure to make an independent finding, as to the amount of financial aid funds that should have been attributed to the Petitioner.

2) The Petitioner's trial counsel, and the district court, were both well aware of the fact that there were **"other willing participants,"** see, (Plea Transcripts), where AUSA Munro, clearly on ¶ 27 @ 5-17, explains to the district court that there were **"willing to provide their PII,"** and the court specifically asked AUSA Munro on ¶ 27, @ 5-8, **"were they willing participants,"** and AUSA Munro replied, **"that's an excellent question,"** and it most certainly was in fact, except AUSA Munro dodged the question by the court, and did not fully explain the question to the court, and the Petitioner's trial counsel at that point fell below an objective standard of reasonableness, when he at that point failed to object to the district court holding the Petitioner fully responsible for <u>all</u> the financial aid funds, when the court was being made aware by the prosecuting AUSA that there were other

(3)

"willing participants" involved, and that as AUSA Munro clearly advised the court and the Petitioner's counsel of, they received **"kick back,"** for their willing participation and involvement.

3) And had the Petitioner's trial counsel objected on that basis, the districtycourt would have made an **individualized finding**, as to what specific funds and amount of money the Petitioner should have been held accountable for, and in turn, would have therefore, unequivocally found the Petitioner responsible for a lesser amount than he is currently held accountable for, and the Petitioner would have ultimately had a lesser base offense level, (B.O.L.) as a result of the objection.

Therefore, dueato the Petitioner's trial counsel's failure to make these objections, the Petitioner was ultimately prejudiced by having a higher base offense level as a result, and equally important, the Petitioner has a higher restitution level.

Wherefore, the Petitioner is seeking for this Honorable Court to Grant his motion for an evidentiary hearing, to make an individualized finding, as to what specific student aid funds should be attributable to the Petitioner, in determing his base offense level.

In addition, the day of sentencing, the Petitioner spoke with his attorney on the record, and advised his attorney that he wanted to see a higher court about his sentence.

Based on the fact the Petitioner was requesting for his attorney to withdraw his guilty plea, is a good enough indication that he was not satisfied with the way his case was proceeding.

Therefore, it is more likely than not, that if the Petitioner

was seeking to withdraw his guilty plea, he was cleary indicating to his trial attorney and the court for that matter, that he was wishing, and or at least surely indicating that he did not want to enter a plea of guilt and or enter into a plea agreement with the U.S. Attorney's office.

Wherefore, because the Petitioner's trial attorney did not file his notice of appeal as requested by the Petitioner, he was ultimately prejudiced because he wantonly disregarded the Petitioner's request for his to file the Notice of Appeal for him.

### ARGUMENT AND CITATION OF AUTHORITY

As explained above, the Petitioner is seeking for this Honorable Court to Vacate, Set Aside, Or Correct his Sentence, Pursuant to 28 U.S.C. §2255, due to the alleged ineffective assistance of counsel claims entailed herein.

Furthermore, in no way shape or form, is the Petitioner alleging there was a Plain Error committed by the district court. The Petitioner is unequivocally alleging, if it was not for his counsel's unprofessional errors, and ineffective assistance of counsel he provided wantonly to the Petitioner, the Petitioner's sentence would have been different than it is today.

"When an ineffective assistance of counsel claim relates to a sentencing issue, the Petitioner must demonstrate a resaonable probability that his sentence would have been more lenient but for counsel's unprofessional error(s). See, Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999)(Quoting Strickland, 466 at 694).

"Where an ineffective assistance of counsel claim relates to Petitioner's right of appeal, counsel **has a duty** to consult with a

(5)

defendant about an appeal where a rational defendant would want to appeal or where the defendant reasonably demonstrated to counsel that he was interested in appealing." See, Roe v. Flores-Ortega, 528 U.S. 470, 479-80 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000).

"Further, the failure to file a notice of appeal after an unequivocal request to do so constitutes deficient performance." See, United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007).

"An error in the calculation of the applicable United States Sentencing Guidelines range makes a sentence procedurally unreasonable." See, United States v. Howard, 309 Fed. App'x. 760 (4th Cir. 2008).

"Generally, a particularized finding concerning the defendant's relevant conduct is **necessary** when he is held responsible for the conduct of other co-conspirators. See, United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993).

In addition, the lower courts for the fourth circuit were provided with guidance in dealing with instances with individualized findings in, United States v. Brooks, 524 F.3d 1t 557-58 (4th Cir. 2007); United States v. Collins, 415 F.3d at 314 (4th Cir. 2004).

"The district court must hold an evidentiary hearing on a §2255 motion [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." See, 28 U.S.C. §2255(b); United States v. Thomas, 627 F.3d 534, 539 (4th Cir. 2010).

"The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court." See, United States v. Raines, 423 F.2d 526, 530 (4th Cir. 1970).

"However, if the parties produce evidence disputing material

(6)

facts with respect to non-frivolous habeas allegations, a court must hold an evidentiary hearing to resolve those disputes." See, United States v. White, 366 F.3d 291, 297 (4th Cir. 2004).; See also, Raines, 423 F.2d at 530, recognizing that a category of petitions, usually involving credibility, will require an evidentiary hearing in open court.

"Unless the record conclusively establishes that counsel rendered ineffective assistance, such claims that defendant received constitutionally ineffective assistance of counsel, are not cognizable on direct appeal." See, United States v. Paul, 2019 U.S. App. LEXIS 31245 (4th Cir. 2019).

"Ineffective assistance of counsel claims, as a general rule, should be raised in a 28 U.S.C. §2255 motion." See, United States v. Baldovinos, 434 F.3d 233, 239 & n.4 (4th Cir. 2006).

"To succeed on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense." See, United States v. Hall, 771 Fed. Appx. 226 (4th Cir. 2019)(Quoting: Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

"As a general rule, ineffective assistance of counsel claims may not be raised on direct appeal [u]nless an attorney's ineffectiveness conclusively appears on the face of the record." See, United States V. Faulls, 821 F.3d 502, 507-08 (4th Cir. 2016).

"Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. §2255 (2012), to permit sufficient development of the record. Id. at 508. Whether counsel provides ineffectiveness

(7)

assistance is not conclusively demonstrated by the record on appeal." See, United States v. Collett, 747 Fed. Appx. 947 (4th Cir. 2019); United States v. Yoho, 748 Fed. Appx. 535 (4th Cir. 2019).

"A criminal defendan tmust file his notice of appeal within 14 day of the judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon showing of excusable neglect of good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. R. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985); United States v. Winder, 774 Fed. Appx. 813 (4th Cir. 2019)("Because Kinder failed to file a notice of appeal **timely**, or obatain an extension of the appeal period,wwe grant the government's motion to dismiss the appeal as untimely.") See, United States v. Oliver, 878 F.3d 120, 123 (4th Cir. 2017).

"Theesixth Amendment right to effective assistance of counsel extends to the plea-bargaining process." See, Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013); See, Padilla v. Kentucky, 559 U.S. 356, 373, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010).

As in this instant case, were the Petitioner's trial counsel effective, he would have objected to the court not making a Particularized finding for the total amount lost, and in turn, this court would have made an individualized finding particularly for the Petitioner, as it was well known throughout the plea and sentencing process, that there were other willing participants who received "Kickback."

"Generally a particularized finding concerning the defendant's relevant conduct is necessary when he is held responsible for the conduct of other co-conspirators." See, United States v. Linder,

94 Fed. Appx. 1000 (4th Cir. 2004)(Quoting: United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993).

"The amount charged in the indictment can serve as the statutory sentencing range." See, United States v. Garcia-Lagunas, 2013 U.S. Dist. LEXIS 152315 (4th Cir. 2013)(Quoting United States v. Williams, 439 F. Appx. at 257 (4th Cir. 2011).

Most importantly, because the Petitioner's trial counsel did not make any objections at sentencing, it **was not plain error** for the court to adopt and accept unobjected to allegations in the PSR.

Now, particularized and individualized findings are most commonly addressed in drug conspiracies. Therefore, this court has several on-point cases precedence within this instant court.

In United States v. Collins, m415 F.3d 304 (4th Cir. 2005), the defendant's raised the issue of [w]hether an individual defendant ...[s]hould be sentenced...by considering the amount of narcotics distributed by the entire conspiracy? Or should that defendant's sentence be more individualized, subjecting him to punishment for distribution of the amount of narcotics attributable to him? Id. at 312. And the 4th Circuit Court of Appeals held that "the most reasonable interpretation of the relevant statutory provisions requires a sentencing court to assess the quantity of narcotics attributable to each co-conspirator, charged or uncharged in the indictment." Id. (Quoting United States v. Irvin, 2 F.3d 72, 77 (4th Cir. 1993).

In United States v. Bolden, 325 F.3d 471 (4th Cir. 2002), the court held, "In calculating a fraud loss, a sentencing court must

first apply the principles of "relevant conduct.""One participant in a multi-participant conspiracy may be held accountable, for sentencing purposes, for asgreater or lesser amount than other co-conspiurators." See, Bolden.

"The commentary points out, however, that the fact that the defendant is aware of the overall scope of the operation, is not enough to hold him accountable for the activities of the whole operation. Instead, the sentencing court must assess and determine what role the defendant agreed to play in the operation.""A sentencing court, in order to hold a defendant accountable for the conduct of his co-conspirators, should make an individualized finding, particularized findings, with respect to both prongs of U.S. Sentencing Guidelines Manual §1B1.3(a)(1)(B), regarding both the scope of the defendant's agreement and the foreseeability of his co-conspirators conduct." See, United States v. Bolden, 325 F.3d 471 (4th Cir. 2002).

"The defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness, in light of the prevailing professional norms." Id. at 688. "And thatrthere is a reasonable probability that, but forrcounsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. See, Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

"The proper avenue for ineffective assistance claims is a §2255 motion filed with the sentencing court." See, United States v. Baptiste, 596 F.3d 214 (4th Cir. 2009).

"Despite the appellate waiver contained in the defendant's plea agreement, his attorney had rendered defieient performance by not

filing a notice of appeal in light of the defendant's clear request. Accordingly, where an attorney performs deficiently in failing to file a notice of appeal despite the defendant's express instructions, prejudice is presumed **with no further showing** from the defendant of the merits of his underlying claims. Id. at 750. See, <u>Flores-Ortega,</u> 528 U.S. at 484).

"When counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal, with no need for further showing of his claims of merit." (Quotation and citation marks ommitted.) See, <u>Garza v. Idaho,</u> 139 S. Ct. 738, 747, 203 L. Ed. 2d 77 (2019).

The Sixth Amendment guarantees to defendant's, the United States Constitution, in fact protects a defendant's right to the effective assistance of counsel during their criminal proceedings. And in here, the Petitioner was deprived of his 6th Amendment right to the effective assistance of counsel, for the foregoing reasons.

## CONCLUSION

WHEREFORE, the Petitioner respectfully request for this Honorable Court to Set Aside, Vacate, and hold an Evidentiary Hearing on the merits of the Petitioner's claims within this instant proceeding.

Executed this 27th day of May, 2020.

Respectfully Submitted,

Tyrone Young #02208-084
Defendant, Petitioner.
F.C.I. Mcdowell
P.O. Box 1009
Welch, West Virginia
24801

# CERTIFICATE OF SERVICE

Be it known that on this 27th day of May, 2020, the Petitioner, Tyrone Young, did via first class U.S. Mail, postage pre-paid, send a true and correct copy of the foregoing: Motion To Vacate, Set Aside, or Correct his Sentence, to the following hereafter listed people, at their commonly known addresses for mailing, on the aforementioned date, in and pursuant to the pains and penalties of perjury, as per 28 U.S.C. §1746.

Deposited in the hands of prison officials on the aforementioned date for mailing, in and pursuant to the Prison Mailbox Rule, as provided in <u>Houston v. Lack,</u> 266 U.S. 466 (1974).

Executed this 27th day of May, 2020.

Respectfully Submitted,

*/s/ Tyrone Young*
Tyrone Young #22208-084
Defendant, Petitioner, pro-Se.
F.C.I. Mcdowell
P.O. Box 1009
Welch, West Virginia
24801

Encs.

CC:

U.S. Attorney's Office

U.S. District Court for Danville