UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 05 2020

JULIA A. DOOLEY, CLERK
BY: _____
DEPUTY CLERK

UNITED STATES OF AMERICA,
                    Plaintiff,

                                    Case No.:
                                    4:18-CR-17

        - VS -

TYRONE YOUNG,
        Defendant.

                MOTION FOR LEAVE
                TO SUPPLEMENT
                28 U.S.C. § 2255

        COMES NOW, the defendant, Tyrone Young,
Pro-Se, referred hereafter to as, ("Young")
respectfully moves for leave, to Supplement
his 28 U.S.C. § 2255 petition.

        And In Support thereof, Young provides as follows:

        This Honorable Court has authority and discretion
to grant Young leave to amend/Supplement
his 28 U.S.C. § 2255, under Fed. R. Civ. P.
Rule 15. Rule 15 (a)(1), permits a litigant to
amend a pleading "once as a matter of Course,"
Subject to Certain time Constraints, of which,
None are at issue here.
                    -1-

See Fed. R. Civ. P. 15(a)(1).

However, when a party seeks to amend a Complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the Complaint. See, Fed. R. Civ. P. 15(a)(2).

More importantly, as of 08/01/2020, the Certificate of Service date of this instant Motion for leave, the Government has yet to file their responsive pleading.

Additionally, in such a case, the Court is to grant leave to amend "freely" when "justice so requires." Id.; See also, FOMAN V. DAVIS, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason -- such undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc -- the leave sought should, as the rules require, be "freely given.").

Due to necessary implementations at Young's Federal Correctional Institution, to help Stop the Spread of COVID-19, inmates have limited access to the law library, and no access at all to typing material.

Therefore, this instant pleading will be submitted hand written, as neatly as possible.

Wherefore, Young respectfully request for this Honorable Court to accept this instant pleading, according to the Standards set forth in Haines v. Kerner, u.s. (1972), which Sets the Standards to "less stringent" for pro-se litigants, as opposed to the Standards Set forth for professional lawyers.

Now, Young would like to Supplement his §2255, to add an ineffective assistance Claim.

That is: Young's attorney was ineffective for failing to Move for a "dismissal" of the Count (8) Eight: "Aggravated Identity Theft," in violation of 18 u.s.c. § 1028A, due to the facts and the Government's version of the offense, do not Support a Conviction for

Count 8, Aggravated Identity Theft.

Here, there simply was <u>No</u> ~~Identity~~
<u>Theft</u> involved with this offense, much less
Aggravated Identity Theft.

As the Government admits openly in
the "<u>Change of plea</u>" transcripts, on pg's
26, 27, 28, 29, 30, 31, & 32, the Government
clearly explains how there was <u>No</u> <u>Theft</u>
of ~~Identity~~ ever Committed by young. As the
Government points out on the above pages of
the "<u>Change of plea</u>" transcripts,

Pg 26,

"MS Munro: ... enroll these students into
online universities and into courses in order to
attain the disbursed financial aid, which he
then used for partly his Own purposes, <u>and then</u>
<u>left a part to the straw student to use for</u>
<u>whatever purpose, they saw fit.</u>"

"<u>The Court: were they known participants,</u>
<u>were they willing participants?</u>" pg 27.

"<u>MS Munro: That's an excellent question. And</u>
<u>"I think" there are varying degrees of Complicity.</u>"
Pg 27. Change of plea Transcripts.

-4-

"Ms Munro: ... There are individuals connected with this investigation of which Mr. Young is now aware that we believe actively participated in this alongside Mr. Young. They understood what the game was and what the plan was." Pg 27, Change of plea Transcripts.

"The Court: Did they get any kickback?" Pg 27.

"Ms Munro: And they do. They take, typically a portion of the funds, or they take a 'simple payment' in order to recruit or to find other individuals who are willing to provide their PII. Pg 27, Change of plea.

"Typically, in these types of cases, victims do voluntarily give their identifiers at least initially".

"With respect to the aggravated identity theft, again, the cornerstone of those charges is that the personal identifiers had to be used for an unlawful purpose, which in this case was the commission of the mail fraud and the student loan fraud, without the authorization of the individual. Pg 29. Change of plea Transcripts

-5-

"We had a number of witnesses in this case who provided statements about the extent to which they involved with providing their PII initially." Pg 29, Change of plea.

"The Court: Go back to Count Eight, (M.T.) again. How was his identity stolen?"

Here, even the Court showed some interest as to: "how was his identity stolen?" Of which, Ms Munro never explained.

Then, unexplainably, Ms Munro goes on to talk about:

"This particular victim, (T.T.), was actually a resident of a different apartment complex in Danville".

The Court asked Ms Munro about, how was the identity of (M.T.) stolen? Not (T.T.)

The Government Never established the factual basis for Count eight, nor did they answer the Court's question.
"How was his identity stolen?" M.T., Not T.T.

-6-

At this point, Young's trial Counsel was ineffective for failing to 1) object to the Government's failure to establish the factual basis for Count 8, Aggravated Identity Theft, and or 2) Moving for a dismissal of Count 8, due to the Government's failure to establish a factual basis for the conviction of Count 8. The Government failed to establish any Identity Theft.

Had Young's Counsel brought this issue to the attention of the Court, via an objection, and or a dismissal of Count 8, this Honorable Court would not have accepted the Governments factual basis that they established for Count (8) Eight during the change of plea process.

And due to Count 8, Young was subjected to a mandatory Minimum Sentence of 24 Months, to be ran Consecutive to Counts 1, and 11, therefore, Young Can easily Show how his Counsel's deficient Performance Caused him Presudice, the 2nd Strickland frong.

—7—

# Conclusion

Wherefore, for the foregoing reasons, while Supplemented to his original §2255 petition, Young respectfully request for this Honorable Court to vacate, set Aside, and or Correct His Sentence, under 28 U.S.C. § 2255, and Hold an Evidentiary Hearing under 28 U.S.C. § 2255 (b).

Dated: 8/2/20

Respectfully Submitted,

Tyrone Young

Tyrone Young
Defendant - Pro-Se
Federal Reg. No.: 22208-084
F.C.I. McDowell
P.O. Box 1009
Welch, WV 24801

Encs.

CC:
1) Clerk of Court

2) US. Attorney's office

-8-

## CERTIFICATE OF SERVICE

Be it known, that on 08/01/2020, I, Tyrone Young, did serve one true and correct copy of the foregoing: "Motion For Leave, TO Supplement 28 u.s.c § 2255," to the following hereafter listed people, via u.s. postal Mail, postage pre-paid, and signed under the pains and penalties of perjury as per 28 u.s.c § 1746 provides for.

Dated: 8/2/20

Respectfully Submitted,

Tyrone Young
Defendant - pro-se
Federal Reg. No.: 22208-084
F.C.I. McDowell
P.O. Box 1009
Welch, West Virginia
24801

CC:
1) Clerk of Court

2) U.S. Attorney's office

1    disbursement that was made to the student loan account of one

2    of the individuals who lived in an apartment complex in

3    Danville that Mr. Young approached and signed up for school.

4    This $2533 was just one of several financial aid disbursements

5    that were made in the name of this particular victim.  They

6    were made by prepaid debit card through the post university.

7    We were able to verify that, through the Department of

8    Education's records that our DOE investigators have direct

9    access to, that was mailed to the victim, M.T.  We did verify

10   through account records that Mr. Young withdrew funds off of

11   that particular debit card before allowing the rest of the

12   funds to flow through to the victim.

13        THE COURT:  Go back to Count Eight, M.T. again.  How

14   was his identity stolen?

15        MS. MUNRO:  Yes.  This particular victim, T.T., was

16   actually a resident of a different apartment complex in

17   Danville.  What we noticed during the investigation was that

18   there was a core group of students who all lived in the same

19   apartment complex.  When federal investigators interviewed

20   these individuals, one of them, the victim M.T. was acquainted

21   with this particular individual identified by the initials of

22   T.T.

23        This person, T.T., had visited that apartment

24   complex but did not live there.  At the time that federal

25   investigators approached this particular victim, this victim

1   had no awareness of how the identifiers had been obtained, did

2   not authorize them to be used for any purpose relating to

3   student aid, and was not aware that there were IRS and DOE

4   debts in his name until he was approached by investigators.

5           THE COURT:  Any corrections or additions,

6   Mr. Doubles?

7           MR. DOUBLES:  No, sir, only to say that the

8   overwhelming majority of these other individuals were

9   complicit on several levels, but that's the only

10  clarification.

11          THE COURT:  All right.  I assumed that that might be

12  in the background somewhere.

13          MR. DOUBLES:  Yes, sir.

14          MS. MUNRO:  Thank you, Your Honor.

15          THE COURT:  All right.  I find that there's an

16  adequate factual basis and I will accept the pleas.  Is there

17  any issue about the custody for Mr. Young?

18          MR. DOUBLES:  Not that I am aware of, Your Honor, at

19  this time.

20          MS. MUNRO:  No, Your Honor.  Mr. Young is currently

21  on bond.

22          THE COURT:  I assume he's on bond?

23          MR. DOUBLES:  Yes, sir.

24          THE COURT:  His own recognizance?

25          MR. DOUBLES:  Yes, sir.

Tyrone Young #22208-084
Federal Correction Institute
McDowell
P.O. Box 1009
Welch, WV 24801

Legal Mail

CHARLESTON WV
03 AUG 2020

Clerk of Court
210 Franklin Rd SW suite 540
Roanoke, VA, 24011-2208

24011-220840