CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAR 16 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 4:18CR00017 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **TYRONE YOUNG,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Kari K. Munro, Assistant United States Attorney, Roanoke, Virginia, for United States; Tyrone Young, Defendant Pro Se.*

The defendant, Tyrone Young, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss. Young has moved to amend his § 2255 motion. Because his § 2255 motion is untimely, I will deny the motion to amend, grant the motion to dismiss and dismiss the § 2255 motion.

After pleading guilty pursuant to a plea agreement, Young was sentenced by the late District Judge Jackson L. Kiser on March 5, 2019, to a total term of 111 months imprisonment, consisting of 87 months on Count One of the Indictment and 60 months on Count Eleven, to run concurrently, followed by a consecutive term of 24 months on Count Eight. Count One charged Young with wire fraud in violation of 18 U.S.C. § 1343; Count Eight charged him with aggravated identity

theft in violation of 18 U.S.C. § 1028A; and Count Eleven charged him with student aid fraud in violation of 20 U.S.C. § 1097(a).

There is a one-year statute of limitations under § 2255, which typically runs from the date on which the defendant's judgment of conviction became final. 28 U.S.C. § 2255(f)(1). The judgment in a criminal case becomes final when the time for filing an appeal passes. *Clay v. United States*, 537 U.S. 522, 532 (2003). The statute of limitations can be extended if (1) if the government prevents a defendant from filing a motion; (2) if the Supreme Court articulates a "newly recognized" right, which is made retroactively applicable to cases on collateral review; or (3) if new facts emerge that support a claim which is asserted within one year of the date the facts "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(2)–(4).

Young's conviction became final on March 21, 2019, 14 days after the date the court entered judgment, because Young failed to note an appeal within that time period. See Fed. R. App. P. 4(b)(1)(A) (allowing 14 days to file notice of appeal). Young filed a pro se notice of appeal on November 18, 2019, more than eight months after his judgment became final. On May 19, 2020, the court of appeals dismissed his appeal as untimely. Young then filed his § 2255 motion on June 5, 2020, about 14 and a half months after his conviction became final.

Young contends that he could not have filed his § 2255 motion within one year of March 21, 2019, because his direct appeal was still pending at that time. He asserts that had he filed a § 2255 motion then, the court would have dismissed it without prejudice pending resolution of the appeal. He argues that his late filing of the notice of appeal should be excused because he indicated to his counsel at the sentencing hearing that he wished to appeal, and then he heard nothing from his counsel while incarcerated.

I find Young's arguments unavailing. Judge Kiser informed Young at the sentencing hearing that he was required to file a notice of appeal within 14 days and that the Clerk's office would file a notice of appeal on his behalf if requested. Specifically, Judge Kiser stated,

> should you decide you want to appeal your case for any reason sufficient to you, that must be done within 14 days from today. And if for some reason Mr. Doubles cannot help you with that, you can do it yourself by simply calling the clerk's office, telling the deputy clerk you want to appeal your case, and one will be noted for you.

Sent. Hr'g Tr. 19, ECF No. 84. Young does not suggest that he called the Clerk's office to inquire about the status of an appeal or to request that a notice of appeal be filed within the appeal window. He does not say that his attorney promised he would file an appeal. Aside from implying that he assumed his attorney would file an appeal, he gives no indication why he waited more than eight months to file his

pro se notice of appeal after being told by the court that any appeal must be filed within 14 days.

In any event, within one year of his conviction becoming final, Young was well aware of the grounds for relief he now asserts. The Advisory Committee Note to Rule 5 of the Rules Governing Section 2255 Proceedings states: "There is no requirement that the movant exhaust his remedies prior to seeking relief under § 2255. However, the courts have held that such a motion is inappropriate if the movant his simultaneously appealing the decision." While this comment admittedly does not provide the clearest guidance, Young's speculation regarding how the court might have ruled on a § 2255 motion in light of his pending untimely appeal does not excuse his failure to timely file his § 2255 motion. The fact that his pending appeal was plainly untimely and the statute of limitations was about to run on his § 2255 motion may well have provided the extraordinary circumstances referenced in the advisory committee note. I hold that the pendency of Young's untimely appeal did not toll the statute of limitations for filing his § 2255 motion.

Section 2255(f)(4) provides that in appropriate circumstances, the statute of limitations begins to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The only ground to which this provision might apply is Young's claim

that his counsel failed to file an appeal after being directed to do so. But Young has not set forth facts sufficient to show that he could not have discovered his attorney's alleged failure until June 5, 2019, or later.

In his response to the government's motion to dismiss, Young writes that after he arrived at his correctional institution, "he never heard from Counsel Doubles again." Reply Br. 3, ECF No. 103. He writes that he later "sought to find out what was going on with his appeal Counsel Doubles was requested to file at sentencing," *id.*, but he does not state what steps he took or on what dates. He then says that he filed his pro se Notice of Appeal "because [he] had not heard from Counsel Doubles since sentencing." *Id.* at 4. These meager factual allegations are insufficient to invoke § 2255(f)(4). I find that the statute of limitations for Young to file his § 2255 motion began to run on March 21, 2019, pursuant to § 2255(f)(1) and that his motion is time-barred.

The statutory limitations period under § 2255(f) may be tolled for equitable reasons. *See, e.g.*, *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (applying equitable tolling to § 2255 motion); *Holland v. Florida*, 130 S. Ct. 2549, 2560 (finding same as to similar limitation period in 28 U.S.C.A. § 2244(d) for habeas petitions challenging state convictions). To warrant equitable tolling, the defendant must show two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."

*Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks and citation omitted). To satisfy the second prong of this analysis, the defendant must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). The defendant has the burden to show entitlement to equitable tolling. *Holland*, 130 S. Ct. at 2562.

Young has not met this burden. I find that he has failed to establish either that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his § 2255 motion within a year of when his conviction became final.

For these reasons, the defendant's motion to amend will be denied, the United States' motion to dismiss will be granted, and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED: March 16, 2021

/s/  JAMES P. JONES  
United States District Judge