CLERK'S OFFICE U.S. DIST. COUR.
AT ROANOKE, VA
FILED

JUN 01 2021

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

United States District Court
Western District of Virginia
Danville Division

Tyrone Young
"Petitioner

           Crim. Act. No: 4:18cr00017-Jlk-1

US.

United States
of america.

### Motion to leave to add Additional Ineffective Assistance of counsel claims pursent to 18.U.S.C. 2255

Come now, the defendant, Tyrone Young, Pro-se, reffud hereafter to as "Petitioner", respeotfully moves this Honorable court to leave to add additional Ineffective Assistance claims

# Proposed amendments

This proposed amendment should be granted as timely filed because the "Petitioner" is still withing his 1 year statue of limitation. Petitioner original motion was filed with the District court on May, 27, 2020. Borden V. United States, 106 A. F.T. R. 2d (RIA) 5282 (MD Pla 2010). Keller V. Prince George County (923 F.2d 3033 (4th Circ 1991) Foman V. Davis, 371 U.S. 178, 182, 83 2 ct. 227, 9. L Ed. 722 (1962) citing Fed. R. Civ. P amendments.

The proposed amendment that are present in this motion shews on the record and files how the "Petitioner" is entitled to relief. The trail counsel states on the record at the "senterec Hearing" that " This may fall on Counsel Responsibity". The sentence transcript attached are in support of my claims. In Fed. R-Civ·P·15 (a)(2) In all other cases, a party may amend his pleading only with the opposing partys written consent or the courts leave. The court should freely give leave when Justice so ~~requires~~ requires. As you have read above Justice so requires because the Petitioner trail Counsel admitts his ineffectueness on the record Sentering transcripts.

2

6) Trail counsel was ineffective when negotiating the Plea agreement and for not arguing the guildline enhancements.

A) In strickland Us Washington the Petitioner trail counsel performance was defizent and his defense prejudiced the Petitioner. A evidentary hearing is required because the record and files shows the Petitioner is entitled to relief. Please see "Sentencing transcripts" on page 4, line 1-5. "The Court" says the trail counsel objection goes more to the courts consideration as to the level of purishament, not as to the PSR. Please see "line 7-8" where the Petitioner trail counsel states to the court "Yes, sir, Judge, and that May fall on counsel's Responsibity.

B) The Petitioner trail counsel says "When they were negotiating the Plea agreement, discussing this, the guildline range was much lower then what the PSR indicates. The Petituner trail counsel then goes to state " But beyond that, the sentence that Mr. Yang had anticipated was a offense level 21 or 22, which is substantially lower then level 29. The Petitioner trail counsel never informed the Petitioner that his offense level could be enhanced or go pass a level 21 or 22

(3)

The trail counsel openly admitts on record this may like to fall on counsel responsibity. The trail counsel never objected to the enhancements for onauthorized transfer or the educational representive enhancements. Trail counsel could of reference the double Jepeldy clause pretaining to the Petitoner two year mandutory conceative sentence and the unauthorized transfer enhancement which is for the same conduct which is unconstituenal. Any counter argument would of been effective to put up a donfense for the Petitioner sentence enhoreements or offense level increase.

The proper avenue for Ineffective assistance claim is a § 2255 which I filed with the Sentenancy court. "see United States US. Baptesle, 546 F.3d 214 (4th cir. 2009).

To succeed on an incffective assistence of cunsel claim, a defendant must show that counsel Performarce was deficent and that the defendant peformorce prejudiced the defense." see United states US. Hall, 771 F.3d appx -226 (4th cir 2019) Quoting Strickland US. Washington, 466 US 608, 687, 104 s. ct. 2032, 80 - L. Ed. 2d 674 (1984) The sixth amendment right to effeetwc assistance of cansel extends to the plea-bargaing process." see, Merzbucher US sheargn 706, F.3d 356, 368 (4th cirec.2013) "sec Padilla V. kentucy, 559. US. 356, 373, 130 s.ct, 1473, 176 L. Ed. 2d, 284 (2010).

(4)

contributed to the loss amount of a victim they can be held jointly liable for the loss under this statue. The objection would of made the Petitioner restitution amount to be lower and this shows he the trial counsel was ineffective.

Had the Petitioner trial counsel been effective and properly investigated the discovery evidence and witness statements pretaining to the scheme the trial counsel would of knew the AUSA Munro statement regarding the victims was false. Please see "criminal complaint" pg Id # 12 line 28 - - - - Cooperating witness number 1 stated to federal investigaters that he registered for college with the Petitioner via facebook. CW-1 messages from facebook to the Petitioner shows " Young Instructing (cw-1) how to put student loans into defferment." This evidence alone from the discovery would of proven the government testimony to be false that she gave during the "plea hearing" If the Petitioner trial counsel was effective this evidence would of been presented in the donferse of fle Petitioner. In order for Young to Instruct (CW-1) how to put his debt with the U.S.D.O.e into defferment fle victims had to be aware of the debt owed to the U.S.D.o.e.

c) Had the Petitioner trial counsel been effective

he would have been sentenced to a lower offense base level, restitution level, and the Petitioner sentence would be lower that what it is today. Therefore the trial counsel defence prejudiced the Petitioner because his sentence is much higher because he failed to objects.

These additional ineffective assistance of counsel claims are timely because the Petitioner is still cuthing his 1 year limitation. Petitioner filed his original 2255 on May, 27, 2020. right after his direct appeal was dismissed as untimely.

<u>Certificate of service</u>

Defendant certify that a copy of this motion has been served by U.S. Postal mail to: Roanoke, VA 'U.S. District Court

Date: Sun, May 23. 2021

Tuture Yung # 22208-084
FCI McDowell
P.O.Box 1009
welch, WV, 24801

CC: US attorney

(16)

Tyrone Yang #22208-084
Federal Correction Institute
MCDowell
P.o.box 1000
Welch,WV,24801

CHARLESTON WV 250

27 MAY 2021 PM 2 L

Clerk of court
US District court
210 franklinRd -
suite 540
Roanoke ,VA, 24011

24011-006340