CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 12 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 4:18CR00017 |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| **TYRONE YOUNG,** ) | Judge James P. Jones |
| ) | |
| Defendant. ) | |

*Kari K. Munro, Assistant United States Attorney, Roanoke, for United States; Tyrone Young, Pro se.*[1]

The defendant has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth hereafter, the motion, ECF No. 120 is DENIED.

The defendant was sentenced by this court by judgment entered March 7, 2019, to 111 months imprisonment. Young is currently incarcerated at FCI Beckley and has a projected release date of May 17, 2026. The grounds of the defendant's motion are his concern regarding a heightened risk of death or severe illness from potentially contracting COVID-19, and that his guideline range was improperly

---

[1] The court initially appointed the Federal Public Defender to represent the defendant as to this motion, but the Federal Public Defender declined and requested that the defendant proceed pro se, which request was granted. Order, July 16, 2021, ECF No. 127.

increased because the Presentence Investigation Report (PSR) overrepresented the intended loss amount for his fraud.

In exercising my discretion under § 3582(c)(1)(A)(i), I must consider the principles set forth in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), including the factors described in 18 U.S.C. § 3553(a), to the extent they are applicable.

The factors under § 3553(a) do not support a sentence reduction. Young preyed on his family members and financially vulnerable residents of government-subsidized housing by fraudulently registering them for college courses and procuring federal financial aid in their names. Over six years, Young defrauded the U.S. Department of Education using 85 "straw" students — his friends, family, and neighbors.[2] Moreover, he took advantage of a federal aid program which thousands of low-income students depend on to obtain an education and improve their lives. A significant term of incarceration is necessary to provide just punishment for this crime which, though nonviolent, was nonetheless serious, pervasive, and callous. Additional time in prison is also necessary to provide deterrence and protect the

---

[2] Young argues that the intended loss amount should have been allocated amongst himself and each unindicted straw man in the scheme. He claims that this alleged miscalculation resulted in a 14-level increase to his Total Offense Level and improperly inflated his guideline range. But the Sentencing Guidelines make clear that the "specific offense characteristics" which include the intended loss amount "shall be determined on the basis of" the defendant's own acts *and* the reasonably foreseeable activity of his confederates "whether or not charged as a conspiracy." U.S. Sentencing Guidelines Manual § 1B1.3(a). Therefore, Young's guideline range properly reflected an intended loss amount of at least $550,000, justifying the 14-level increase.

community. Young's criminal history is rife with crimes of theft and fraud. I credit Young's expressions in his letter to the court that his time incarcerated thus far has allowed for growth and reflection. But I nevertheless conclude that reducing his sentence at this time would not be sufficient to comply with the factors under § 3553(a).

Furthermore, even if the defendant has health concerns which may put him at a heightened risk from COVID-19 complications, he denied the offer of a COVID-19 vaccine. Medical Records 1, ECF No. 131-1. The defendant's claims regarding potential COVID-19 health complications are without merit. Considering these factors, as well as those set forth in § 3553(a), I find that the defendant is not qualified for such extraordinary relief.

ENTER: October 12, 2021

/s/ JAMES P. JONES
Senior United States District Judge