CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV 03 2022

LAURA A. AUSTIN, CLERK
BY:  s/ H. MCDONALD
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE  DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | Case No. 4:18CR00017 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **TYRONE YOUNG,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Tyrone Young, Pro Se Defendant.*

The defendant, Tyrone Young, has filed a third Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence.  Upon review of the motion and court records, I find that the § 2255 motion must be summarily dismissed.[1]

## I.

Young's federal criminal charges stemmed from a complex scheme over six years in which he recruited dozens of his family members and neighbors, financially vulnerable residents of government subsidized housing, and fraudulently registered them for college courses and procured federal financial aid in their names through

---

[1]   Under Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where it is clear from the motion and the record of prior proceedings that the defendant is not entitled to relief.

the United States Department of Education (USDOE).  The collective loss to the USDOE and the universities involved was over a million dollars in federal student aid.  Facing a fourteen-count Indictment, Young ultimately pleaded guilty on November 1, 2018, to wire fraud (Count One), aggravated identity theft (Count Eight), and student loan fraud (Count Eleven).  In exchange, other counts were dismissed.

The late District Judge Jackson L. Kiser questioned Young under oath about his plea.  Young stated that he had "mental disabilities" — "personality disorder, mood disorder, psychosis" and that he had taken medication for these conditions on the day of the hearing.  Plea Tr. 7, ECF No. 83.  When Judge Kiser asked Young if the medication affected his "ability to think," Young answered, "No, sir."  *Id.*  Judge Kiser asked, "Are you here this morning with a clear head?  Can you assure me of that?" and Young answered, "Yes, sir."  *Id.*  Throughout the colloquy, Young voiced his understanding of the rights he waived by pleading, the terms of the plea agreement, his sentence exposure, the agreement's waiver of appeal and collateral attack rights, and the evidence the government would offer against him.  Judge Kiser accepted the guilty plea.  *Id.* at 32.

Judge Kiser sentenced Young on March 5, 2019, to a total term of 111 months imprisonment, consisting of 87 months on Count One and 60 months on Count Eleven, to run concurrently, followed by a consecutive term of 24 months on Count

Eight. The Presentence Investigation Report (PSI) indicated that Young had a history of mental health issues, including reported auditory hallucinations and sleep deprivation. Young did not raise these issues during the guilty plea or sentencing hearings, however. Rather, at sentencing, Young sought to withdraw his guilty plea because his sentencing range had increased based on some post-plea conduct. Judge Kiser denied Young's oral motion and entered Judgment on March 7, 2019. Young's pro se appeal filed in November 2019 was denied in May 2020 as untimely.

On June 6, 2020, the court docketed Young's initial, pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which he later supplemented and attempted to amend. This motion raised claims that trial counsel provided ineffective assistance by permitting a miscalculation of the financial aid funds attributed to Young, by failing to move for dismissal of the identity theft count for lack of evidence, and by failing to appeal the sentence. Young later moved to add an additional claim that counsel was ineffective for failing to object to alleged misinformation in the PSR about his offense conduct and a prior conviction. By Opinion and Order entered March 16, 2021, I denied Young's amendment and dismissed the § 2255 motion as untimely filed. Op. & Order, ECF Nos. 109, 110. Young's appeal was dismissed in November 2021.

On June 1, 2021, the court docketed Young's second § 2255 motion, ECF No. 114. This motion alleged that trial counsel was ineffective regarding investigation

of discovery, plea negotiations, and guideline enhancements, which resulted in a higher sentence than warranted. On June 3, 2021, I summarily dismissed this motion as successive. Op. & Order, ECF Nos. 118, 119. My later denial of Young's motion seeking compassionate release was affirmed by the court of appeals in May 2022.

Young also filed a series of motions, seeking to reopen his initial § 2255 motion for various reasons, including his mental health during and after the guilty plea and sentencing hearings. I denied those motions, and Young has appealed.

On September 9, 2022, the court docketed Young's third § 2255 motion and many pages of medical records offered as exhibits. He also moves to supplement his motion with additional medical records and to place all the medical records under seal. I will grant these motions. In short, Young argues that the records of medical and mental health care he has received since June 2020 somehow show that he was not competent to plead guilty or to be sentenced for his crimes.

More specifically, Young asserts that his new § 2255 claims should not be barred as successive because that motion is based on new facts about his mental health issues, allegedly beginning in June 2020, after his initial § 2255 motion. He also apparently contends that the claim should be considered timely filed under 28 U.S.C. § 2255(f)(4) because of his new medical facts. Indeed, he apparently argues that his new medical and mental health care facts continue to evolve and develop

even now, in support of his claims that he was incompetent to plead guilty or be sentenced in 2018 and 2019.

II.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a federal district court may consider a defendant's second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria.  28 U.S.C. § 2255(h).  "In the absence of pre-filing authorization . . . , the district court lacks jurisdiction to hear a successive § 2255 motion."  *United States v. Joy*, 585 F. App'x 33, 34 (4th Cir. 2014) (unpublished) (citing 28 U.S.C. § 2244(b)(3)).

As stated, Young has already filed his initial § 2255 motion that I denied as untimely filed.  That motion raised no claim of mental incompetency during court proceedings.  Young also offers no indication that he has obtained certification from the court of appeals to pursue his current motion as an authorized second or successive § 2255 motion.

In limited circumstances, a numerically second § 2255 motion is not considered "second or successive" pursuant to § 2255(h) — if the factual basis for the motion did not come into existence until after a prior § 2255 motion was filed. *United States v. Hayes*, 352 F. Supp. 3d 629, 635–36 (W.D. Va. 2019) (citing *United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014) (regarding later vacated state

court sentence used to enhance federal sentence); *Panetti v. Quarterman*, 551 U.S. 930, 942–47 (2007) (regarding defendant's mental competency to be executed)). Young's § 2255 motion repeatedly asserts that it relies on new medical facts about his mental health conditions that he could only have discovered beginning in June 2020, after his initial § 2255 motion.  He asserts that these new and still developing facts show that he was mentally incompetent to plead guilty on November 1, 2018, or be sentenced on March 5, 2019.  Without making any such finding of fact, I will not dismiss the motion as successive.  Nevertheless, I conclude that it must be summarily dismissed as without merit.

The standards for evaluation of competency to stand trial and to pled guilty are the same, *Shaw v. Martin*, 733 F.2d 304, 314 (4th Cir. 1984), and require the Court to determine "whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him.'" *Id.* at 314 n. 13 (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).  A movant raising a substantive competency claim, alleging incompetency at the time of his plea and sentencing, "is entitled to no presumption of incompetency and must demonstrate his incompetency by a preponderance of the evidence."  *Burket v. Angelone*, 208 F.3d 172, 192 (4th Cir. 2000).  Furthermore, "neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be

equated with mental incompetence to stand trial"; "rather, the evidence must indicate a present inability to assist counsel or understand the charges." *Id.*

After reviewing the records Young has submitted, I conclude that Young's claims about his mental health problems do not approach stating a viable substantive claim that he was incompetent to enter his guilty plea or be sentenced. Many of the medical records on the court's docket concern periods well before Young's first § 2255 motion. They reflect that he had some concerning mental issues, such as bipolar disorder and reported auditory hallucinations, but that he was receiving effective treatment for these conditions. His behavior in court did not indicate that such mental health problems were preventing him from understanding and fully participating in the proceedings or from researching his right to appeal or pursue relief under § 2255.

Young identifies June 2020 as the starting point for the new evidence on which he bases his claims. Yet, he points to no significant medical finding in that month or the months and years that followed, signaling any concern that he was mentally incompetent during his trial proceedings. Indeed, a doctor reviewing an MRI of Young's head and brain in November 2020 reported "unremarkable" results. 2255 Mot. Ex. F(1), at 76, ECF No. 188-1. In the entirety of the records Young submits, I find no suggestion of past mental incompetency sufficient to undermine confidence in Young's ability to assist in his defense or in comprehending and

voluntarily participating in the guilty plea colloquy and sentencing. Rather, the records demonstrate that mental health care provided to Young by prison officials since his sentencing has been comprehensive and responsive to his expressions of changing needs. Furthermore, the transcripts of Young's guilty plea hearing and sentencing hearing reflect no reason to believe that he was not mentally competent during those legal proceedings.

Based on my review of the record and Young's current submissions, I conclude that the claims in his § 2255 motion alleging mental incompetence during the plea and sentencing hearings are not supported by the record. Accordingly, I must dismiss his § 2255 motion as without merit.

A separate Final Order will be entered herewith.

DATED:   November 3, 2022

/s/  JAMES P. JONES
Senior United States District Judge