CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 17 2024

LAURA A. AUSTIN, CLERK
BY:  s/ H. MCDONALD
           DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 4:18CR00017 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **TYRONE YOUNG,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Tyrone Young, Pro Se.*

Tyrone Young has filed a pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) due to his alleged health issues, time served, and rehabilitation.   For the following reasons, the defendant's motion will be denied.[1]

## I.

The defendant was sentenced by judgment of this court on March 7, 2019, to a total term of 111 months' incarceration after pleading guilty to wire fraud in violation of 18 U.S.C. § 1343, aggravated identity theft in violation of 18 U.S.C. § 1028A, and student loan fraud in violation of 20 U.S.C. § 1097(a).  At the time of this opinion, he has a scheduled release date of July 10, 2026.

---

[1]   While the court appointed the Federal Public Defender to represent the defendant in connection with this motion, no appearance or additional pleading has been filed by that office.

In his present motion seeking a reduction in sentence,[2] the defendant asserts that he should be released for a variety of alleged circumstances that the defendant asserts are extraordinary and compelling, such as pneumonia, risk of reinfection of COVID-19, Long COVID, delays in treatment, chronic care conditions, and need for surgery. He additionally alleges that he should be released due to his time served and alleged rehabilitation. The motion is ripe for decision.

## II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). In making such a determination, the court may consider any circumstances that are of substantial gravity. U.S. Sent'g Guidelines Manual § 1B1.13(b)(5) (U.S. Sent'g Comm'n 2023). Even if the court finds an extraordinary and compelling reason for release, the court must consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021).

The defendant's health concerns do not constitute an extraordinary and compelling reason for release. The defendant alleges that although he is vaccinated,

---

[2] The court earlier denied a similar motion by Young. *United States v. Young,* No. 4:18CR00017, 2021 WL 4735744 (W.D. Va. Oct. 12, 2021).

he suffers from 18 high risk factors for COVID-19, including severe bronchial asthma, hypertension, small vessel heart disease, hyperlipidemia, COPD, pneumonia, sleep apnea, substance abuse disorder, gynecomastia, insomnia, major depressive disorder, Carpel Tunnel Syndrome, Long COVID, cervical disc disorder, coughing bronchitis, mild air way obstruction, and severe obesity. He is also a former smoker and alleges the denial of certain prison medical care, as well as the hindrance by the BOP in providing his medical records. Moreover, Young alleges that he has had COVID at least twice — once in November of 2021 and once in January of 2022 although he did not receive testing.

I have carefully reviewed the defendant's extensive medical records he provided. These records indicate that he suffers from numerous mental health disorders. Mot. Ex., Med. Recs. 56, ECF No. 214-1. They also confirm that he suffers from allergic rhinitis, carpel tunnel syndrome, cervical disc disorder, cervicalgia, disorder of breast, disorder of ligament, flat foot, nasal polyp, and Vitamin B and D deficiency. *Id.* at 32.

This court has previously denied compassionate release for other defendants with similar conditions to this defendant. *See e.g.*, *United States v. Rosenbaum*, 1:15CR00003-018, 2021 WL 4499180, at *1 (W.D. Va. Aug. 17, 2021) (stating that the defendant's arguments regarding obesity, hypertension, and history of smoking lacked merit). The availability of vaccines — whether or not they are received —

substantially decrease the risk of death and injury due to COVID-19.  Thus, the same result follows here.

Similarly, although the evidence indicates that there have been some delays in obtaining medical treatment, it does not indicate that the defendant is being denied treatment or that the BOP is actively hindering his attempts to gather evidence. Indeed, the BOP has furnished him with the extensive medical records that are attached to his motion and repeatedly provided the defendant with access to doctors and medical treatment.  Accordingly, this too does not qualify the defendant for compassionate release.

Nor does the defendant's time served or alleged rehabilitation qualify him for relief.  At the time of the defendant's motion, he had earned 216 days of good conduct time and served approximately half of his sentence.  Med. Recs. 118, ECF No. 214-1.  While it may in some circumstances be a necessary condition of release that a defendant has served more than half of his sentence, it is not a sufficient reason to grant release.

Even if the defendant had stated a sufficient extraordinary and compelling reason for release, I have previously held — and again hold — that the factors under § 3553(a) do not support a sentence reduction.  *United States v. Young*, 2021 WL 4735744, at *1 (noting the offense conduct consisting of submitting false college

financial aid applications in the name of straw applicants including friends, family, and neighbors, resulting in a loss of at least $550,000.).

Considering the foregoing, I find that the defendant is not qualified for such extraordinary relief.[3]

III.

Accordingly, it is **ORDERED** as follows:

1. The Emergency Motion for Second Compassionate Release, ECF No. 214, is DENIED;

2. The letter requesting courtesy copies, ECF No. 226, is DENIED; and

3. The Motion for Default Judgment, ECF No. 229, is DENIED.

ENTER:  April 17, 2024

/s/  JAMES P. JONES
Senior United States District Judge

---

[3] Young also seeks free copies of material submitted to the court in support of an earlier motion. No valid reason is given for that request. He also seeks a "default judgment" because the United States has not filed a response to his motion. The court has not required any such response. These motions will be denied.