CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
February 25, 2025
LAURA A. AUSTIN, CLERK
BY: s/B. McAbee
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Case No. 4:18CR00017 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **TYRONE YOUNG,** | ) JUDGE JAMES P. JONES |
| | ) |
| Defendant. | ) |

*Tyrone Young, Defendant Pro Se.*

Tyrone Young, a federal inmate previously sentenced by this court, has filed numerous pro se motions requesting the court to reconsider the denial of his motion under 28 U.S.C. § 2255 back in 2020. Several similar motions remain unresolved and are the subject of this Opinion and Order.

After pleading guilty pursuant to a written plea agreement, Young was sentenced on March 5, 2019,[1] by the late District Judge Jackson L. Kiser, to a total term of 111 months imprisonment, consisting of 87 months on Count One of the Indictment and 60 months on Count Eleven, to run concurrently, followed by a consecutive term of 24 months on Count Eight. Count One charged Young with wire fraud in violation of 18 U.S.C. § 1343; Count Eight charged him with

---

[1] Judgment was entered on March 7, 2019. ECF No. 73.

aggravated identity theft in violation of 18 U.S.C. § 1028A; and Count Eleven charged him with student aid fraud in violation of 20 U.S.C. § 1097(a).

There is a one-year statute of limitations under § 2255, which typically runs from the date on which the defendant's judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). The judgment in a criminal case becomes final when the time for filing an appeal passes. *Clay v. United States*, 537 U.S. 522, 532 (2003). The statute of limitations can be extended (1) if the government prevents a defendant from filing a motion; (2) if the Supreme Court articulates a "newly recognized" right, which is made retroactively applicable to cases on collateral review; or (3) if new facts emerge that support a claim which is asserted within one year of the date the facts "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(2)–(4).

In addition, the statutory limitations period under § 2255(f) may be tolled for equitable reasons. *See, e.g., United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). To warrant equitable tolling, the defendant must show two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). To satisfy the second prong of this analysis, the defendant must present "(1) extraordinary circumstances, (2) beyond his control or external to his

own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

Young's sentence became final 14 days after the date the court entered judgment, because Young failed to note an appeal within that time period. Fed. R. App. P. 4(b)(1)(A) (allowing 14 days to file notice of appeal). Young signed and mailed from prison a pro se notice of appeal on November 13, 2019, more than eight months after the judgment became final. On May 19, 2020, the court of appeals dismissed his appeal as untimely. ECF No. 85. Young then signed and mailed from prison a § 2255 motion on May 27, 2020, about 14 and a half months after the convictions and sentences became final.

Following briefing by Young and the government, this court dismissed the § 2255 motion on March 16, 2021, on the ground that it was untimely. ECF No. 109, 110. Young signed a second § 2255 motion on May 23, 2021, ECF No. 114, as well as a notice of appeal on May 26, 2021, ECF No. 115, from the denial of his first § 2255 motion. This court dismissed the second § 2255 motion as successive, ECF No. 118, 119, and the court of appeals dismissed his appeal of the first § 2255 motion as untimely. ECF No. 141, 142.

Young has continued to file unsuccessful motions related to the denial of the first § 2255 motion by this court. *See, e.g., United States v. Young*, No. 4:18CV00017 (W.D. Va. Aug. 1, 2022), *aff'd*, No. 22-6910, 2023 WL 2203586, (4th

Cir. Feb. 24, 2023) (unpublished). He contends in these motions that following his sentencing, he encountered mental health issues that prevented him from filing a timely notice of appeal or a timely § 2255 motion.

The court of appeals has not granted Young leave to file a successive § 2255 motion and in fact has denied his motion in that regard. Order, No. 24-120 (4th Cir. Mar. 18, 2024), ECF No. 227.

The Fourth Circuit has recently spoken on the scope of Rule 60(b)(6), relied upon by Young to reopen his first § 2255 motion, Mot. Amend, ECF No. 234:

> Although Rule 60(b)(6) "provides the court with a grand reservoir of equitable power to do justice in a particular case," *Reid v. Angelone*, 369 F.3d 363, 374 (4th Cir. 2004) (cleaned up), the Supreme Court has cautioned that it requires "extraordinary circumstances [to] justify reopening" a judgment, *Kemp v. United States*, 596 U.S. 528, 142 S. Ct. 1856, 1861, 213 L.Ed.2d 90 (2022) (cleaned up). Thus, despite Rule 60(b)(6)'s "open-ended language," the Supreme Court has "firmly reined in" the provision's scope by requiring extraordinary circumstances to invoke it. *Moses v. Joyner*, 815 F.3d 163, 168 (4th Cir. 2016).

*Bixby v. Stirling*, 90 F.4th 140, 147 (4th Cir.), *cert. denied,* 145 S. Ct. 224 (2024).

Young's claim does not reach the level of "extraordinary circumstances." At the time of his sentencing, Young was 29 years old and reported some college education and computer work history. Even though he had been previously evaluated for mental health issues, in his initial § 2255 motion, he raised no issue of his competency but claimed only that his attorney had been ineffective for not

objecting to the amount of loss attributed to him at sentencing and for not appealing. 2255 Mot., 10–11, ECF No. 87.

According to certain medical records supplied by Young, prior to his sentencing, he was treated by a community mental health professional from September 2016 to November 2018 for substance use disorders, including cocaine, opioid, benzodiazepines, cannabis, and alcohol, as well as a personality disorder. Mot. Amend Ex. A 1–17, ECF No. 234. After his imprisonment, he complained of mental illness, and in November 2019, he received an interview test, the M-FAST, which indicated that he may be "malingering mental illness." *Id.* Ex. B 1. There is no indication in any of these records that Young was incapable of timely filings.

Accordingly, it is **ORDERED** that the Motion Pursuant to Rule 60(b)(2) & (6)(1), ECF No. 231; the Motion to Amend Original Rule 60(b)(2) Motion, ECF No. 234; the Motion to Amend the Record, ECF No. 241; the Motion to Amend the Record, ECF No. 242; and the Motion to Expedite Rule 60(b) Motion, ECF No. 244, are treated as successive motions under 28 U.S.C. § 2255, and DISMISSED for lack of subject-matter jurisdiction.

ENTER: February 25, 2025

/s/ JAMES P. JONES
Senior United States District Judge